UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES RYLES<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION AT (SATF) CORCORAN STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:21-cv-00064-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>**14-DAY DEADLINE** |

Michael James Ryles filed a complaint seeking early release due to the risk of COVID-19. The Court finds that Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983. The Court further finds that the deficiencies in the complaint cannot be cured by amendment and therefore recommends dismissal of this action. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012).

Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have

been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008)). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he is not adequately protected from COVID-19 because he is housed in close quarters with six other inmates. There is one bathroom and two sinks. Plaintiff alleges that there are not enough hygiene supplies, ineffective social distancing, inadequate sanitation,

and lack of hand sanitizers and disinfectants. Plaintiff states that he has a history of hypertension, asthma, and epilepsy. He also suffers from mental health issues, and he is in mental distress. Plaintiff sues the California Department of Correction and Rehabilitation (CDCR), the Substance Abuse Treatment Facility (SATF) at Corcoran State Prison, and Warden Sherman. Plaintiff seeks early release and "unspecified" damages of a million dollars.

## III. DISCUSSION

### A. COVID-19

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). Prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citation omitted). This includes the duty to protect inmates from communicable diseases. *Edwards v. Pollard*, No. 3:21-cv-1157-DMS-WVG, 2021 WL 4776328, at *2 (S.D. Cal. Oct. 13, 2021) (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease")).

To state a plausible Eighth Amendment claim for relief, a plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076).

Federal law allows for two types of actions seeking relief on complaints related to imprisonment: petitions for habeas corpus and complaints under 42 U.S.C. § 1983. *Muhammad v. Close,* 540 U.S. 749, 750 (2004). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to

immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003). A civil rights action under 42 U.S.C. § 1983 is the proper remedy for a constitutional challenge to the conditions of imprisonment. *Preiser*, 411 U.S. at 499; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Under *Heck v. Humphrey,* 512 U.S. 477 (1994), "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement,'" but rather must seek habeas corpus relief. *Cervantes v. Pratt*, 224 F. App'x 697, 700 (9th Cir. 2007) (citing *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005)).

It is undisputed that COVID-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). In particular, the transmissibility of the COVID-19 virus in conjunction with prison living conditions place plaintiff at a substantial risk of suffering serious harm. *See Williams v. Dirkse*, No. 1:21-cv-00047-BAM (PC), 2021 WL 2227636 (E.D. Cal. June 2, 2021). The courts are split as to whether prisoner's claims related to confinement under COVID-19 are challenges to the fact or duration of confinement properly brought as a habeas claim or challenges under section 1983 to the conditions of confinement that "fall outside the core of habeas corpus." *Torres v. Milusnic*, 472 F. Supp. 3d 713 (C.D. Cal. 2020) (surveying COVID-19 cases brought under section 1983 and habeas claims under 28 U.S.C. § 2241).

Where a prisoner's claim "would not necessarily lead to his immediate or earlier release from confinement," the claim "does not fall with 'the core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (citing *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). "Section 1983 remains available for procedural challenges where success *would not necessarily* spell immediate release." *Wilkinson v. Dotson*, 544 U.S. 74 (2005) (alteration in the original) (citing *Wolff v. McDonnell,* 418 U.S. 539 (1974)). However, in the context of the COVID-19 pandemic, "when a prisoner claims his detention is unconstitutional in light of the dangers presented by COVID-19 combined with the petitioner's particular circumstances and that petitioner further contends there are 'no set of conditions' that could possibly make his custody

4

1    constitutional, a petition for habeas corpus is the proper vehicle for challenging that custody."

2    *Sekerke v. Gore*, No. 20-CV-1998 JLS (MSB), 2021 WL 3604169, at *7 (S.D. Cal. Aug. 13,

3    2021).

4        In this instance, Plaintiff alleges that he suffers from underlying health conditions, and he

5    complains of housing in close quarters with other inmates, without enough hygiene supplies, and

6    inadequate sanitation. Even though Plaintiff has requested early release as a form of relief, his

7    request relates to the conditions of confinement. Accordingly, Plaintiff has appropriately brought

8    this action under section 1983. *See Dilbert v. Fisher*, No. 1:20-cv-01835-JLT (HC), 2021 WL

9    540379 (E.D. Cal. Jan. 11, 2021); *Bowman v. California*, No. EDCV 19-00184 RGK (RAO),

10   2019 WL 4740538, at *1–2 (C.D. Cal. June 26, 2019). However, for the following reasons,

11   Plaintiff has failed to state a claim upon which relief may be granted.

12       **B. Compassionate Release**

13       To the extent that Plaintiff seeks compassionate release in light of his medical conditions

14   and risk of exposure to COVID-19, the request is not properly before this Court. Under 18 U.S.C.

15   § 3582(c)(1)(A), all motions for sentencing reductions, including motions for compassionate

16   release, must be filed in the sentencing court. *See United States v. Ono*, 72 F.3d 101, 102 (9th Cir.

17   1995) (holding that a motion under section 3582(c) is a step in the criminal case that requires the

18   sentencing court to reexamine the original sentence); *see also Bolden v. Ponce*, No. 1:20-cv-

19   03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (holding that the district

20   court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by

21   COVID-19 pandemic because petition was not filed in sentencing court). Because this Court is

22   not the sentencing court, it cannot grant Plaintiff compassionate release.

23       **C. Qualified Immunity**

24       Plaintiff names as defendants CDCR and SATF at Corcoran State Prison. Plaintiff's

25   claims against these defendants are barred by the Eleventh Amendment. "The Eleventh

26   Amendment bars suits for money damages in federal court against a state, its agencies, and state

27   officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144,

28   1147 (9th Cir. 2007). The Eleventh Amendment prohibits federal courts from hearing a section

1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override . . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), *cert. denied*, 538 U.S. 961 (2003). The State of California has not waived its Eleventh Amendment immunity for federal claims under section 1983. *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Therefore, Plaintiff cannot maintain an action against CDCR or Corcoran State Prison.

### D. Warden

Although Plaintiff names Warden Sherman as a defendant, the complaint lacks any allegations against the warden, Thus, the action cannot be maintained against him.

### E. Damages

In addition to early release, Plaintiff seeks an award of damages. However, he only asserts that he is in mental distress and does not allege any physical injury. Under the PLRA, compensatory damages are not permissible for mental or emotional injury absent a prior showing of physical injury. 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). Plaintiff has made no such showing, and his claim for monetary damages must be denied. *See Bland v. Clark*, No. 1:20-cv-01624-SKO (PC), 2021 WL 4846190, at *2 (E.D. Cal. Oct. 18, 2021); *Florence v. Kernan*, No. 1:19-cv-00331-NONE-BAM (PC), 2021 WL 4480324, at *12 (E.D. Cal. Sept. 30, 2021), *findings and recommendation adopted*, No. 1:19-cv-00331-NONE-BAM (PC), 2021 WL 4991736 (E.D. Cal. Oct. 27, 2021).

## IV.    CONCLUSION

Plaintiff's complaint fails to state a claim on which relief may be granted. Based upon the facts alleged, the deficiencies cannot be cured by amendment, and further leave to amend would

6

be futile. *See Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987). Plaintiff is unable to proceed on his claim for early release due to the risk of COVID-19 or for damages for mental distress. Accordingly, the Court **RECOMMENDS** the following:

    1.    Plaintiff's complaint be **DISMISSED** without prejudice.

    2.    The Clerk of Court be **DIRECTED** to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 28, 2021**           **/s/ Jennifer L. Thurston**
                                              CHIEF UNITED STATES MAGISTRATE JUDGE